IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL COMPO | 3:02 CV 1675 (PCD) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: JANUARY 23, 2004 |
| RICHARD K. LASKEVITCH | 3:02 CV 1676 (GLG) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: JANUARY 23, 2004 |
| MICHAEL SELMONT | 3:02 CV 1677 (GLG) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: JANUARY 23, 2004 |
| ROBERT FUDA | 3:02 CV 1678 (RNC) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| JOHN P. GEARY | : | 3:02 CV 1679 (WWE) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| THOMAS KINIRY | : | 3:02 CV 1680 (JBA) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| JOHN RAGGI | : | 3:02 CV 1681 (GLG) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| EDWARD P. RUSSO | : | 3:02 CV 1682 (JCH) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| JAMES SCOFIELD | : | 3:02 CV 1683 (JCH) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| MILLARD J. SULLIVAN | : | 3:02 CV 1684 (JCH) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| TIMOTHY SWEENEY | : | 3:02 CV 1872 (RNC) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| ROBERT BLACK | : | 3:02 CV 1873 (AVC) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| KARL KAUTZ | : | 3:02 CV 1874 (JBA) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| ALFRED SCHUMACHER | : | 3:02 CV 1875 (AHN) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| FRANCIS E. BAKUTIS | : | 3:02 CV 1877 (MRK) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| CHARLES KANE | : | 3:02 CV 1878 (CFD) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | |
|---|---|
| FREDERICK N. KOVAL | 3:02 CV 1879 (GLG) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: JANUARY 23, 2004 |

| | |
|---|---|
| SIGISMONDO LOVERME | 3:02 CV 1880 (PCD) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: JANUARY 23, 2004 |

| | |
|---|---|
| TIMOTHY STRAND | 3:02 CV 1883 (AWT) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: JANUARY 23, 2004 |

| | |
|---|---|
| JAMES E. CAFFREY | 3:02 CV 1884 (CFD) |
| v. | |
| METRO-NORTH RAILROAD CO. ET AL. | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| MICHAEL BETTINI | : | 3:02 CV 2030 (RNC) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| PAUL CIUZIO | : | 3:02 CV 2032 (JBA) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| RICHARD FANNING | : | 3:02 CV 2034 (SRU) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| THOMAS FARLEY | : | 3:02 CV 2035 (WWE) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| CALOGERO FARRUGGIO | : | 3:02 CV 2036 (CFD) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| CLYDE GIBBS | : | 3:02 CV 2037 (WWE) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| THOMAS INFANTINO | : | 3:02 CV 2038 (GLG) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| ANTONIO SARTORI | : | 3:02 CV 2039 (PCD) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| LAWRENCE TRAMAGLINI | : | 3:02 CV 2040 (SRU) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

| | | |
|---|---|---|
| JOSEPH WALZ | : | 3:02 CV 2041 (DJS) |
| v. | : | |
| METRO-NORTH RAILROAD CO. ET AL. | : | DATE: JANUARY 23, 2004 |

RULING ON PLAINTIFFS' MOTIONS TO COMPEL THE "'CONRAIL DEFENDANTS"

In late 2002 through early 2003, fifty-four lawsuits were filed under the FELA, regarding plaintiffs' hearing loss, allegedly caused by defendants.[1] These fifty-four lawsuits were all referred to this Magistrate Judge for discovery. (Compo, 3:02 CV 1675 (PCD), Dkt. #19).[2] Active discovery is now ongoing: by agreement of counsel, these lawsuits have been designated into four "batches," with the first two batches completing fact discovery by March 31, 2004 and completing expert discovery by June 30, 2004, and with the second two batches completing fact discovery by September 30, 2004 and completing expert discovery by December 31, 2004. (Compo, 3:02 CV 1875 (PCD), Dkt. #22, ¶¶ 1-2).[3]

On December 12, 2003, plaintiffs filed the thirty pending Motions to Compel The "Conrail Defendants," with briefs in support.[4] Compo, 3:02 CV 1675 (PCD), Dkts. ##32-

---

[1]Since then, five of the lawsuits have been withdrawn. Warley, 3:02 CV 978 (RNC); Wilson, 3:02 CV 1876 (DJS); Mackey, 3:02 CV 1881 (AWT); Murray, 3:02 CV 1882 (JBA); and Corban, 3:02 CV 2033 (PCD).

[2]For ease of reference, when discussing procedural matters beyond the pending motions or arguments made in all these motions and briefs, referral will be made solely to the docket numbers in the Compo file.

[3]The first batch consists of thirteen cases, 3:02 CV 191, 3:02 CV 892, & 3:02 CV 1674 through 3:02 CV 1684; the second batch now consists of ten cases, 3:02 CV 1872 through 3:02 CV 1884; the third batch now consists of eleven cases, 3:02 CV 2029 through 3:02 CV 2041; and the fourth batch consists of fourteen cases, 3:03 CV 180 through 3:03 CV 191, 3:03 CV 533, & 3:03 CV 975. Compo, 3:02 CV 1675 (PCD), Dkt. #22, at 14-15.

[4]The following three exhibits were attached: copies of defendants Consolidated Rail Corp. and American Financial Group, Inc.'s Answers to Plaintiff's First Set of Interrogatories and defendants Consolidated Rail Corp. and American Financial Group, Inc.'s Answers to Plaintiff's First Set of Request for Documents, both dated June 5, 2003 (App. A); and copy of affidavit of counsel, dated December 11, 2003 with copy of correspondence between counsel, dated November 21, 2003 (App. B).

33; Laskevitch, 3:02 CV 1676 (GLG), Dkts. ##29-30; Selmont, 3:02 CV 1677 (GLG), Dkts. ##31-32; Fuda, 3:02 CV 1678 (RNC), Dkts. ##33-34; Geary, 3:02 CV 1679 (WWE), Dkts. ##33-34; Kiniry, 3:02 CV 1680 (JBA), Dkts. ##42-43; Raggi, 3:02 CV 1681 (GLG), Dkts. ##33-34; Russo, 3:02 CV 1682 (JCH), Dkts. ##33-34; Scofield, 3:02 CV 1683 (JCH), Dkts. ##34-35; Sullivan, 3:02 CV 1684 (JCH), Dkts. ##33-34; Sweeney, 3:02 CV 1872 (RNC), Dkts. ##34-35; Black, 3:02 CV 1873 (AVC), Dkts. ##31-32; Kautz, 3:02 CV 1874 (JBA), Dkts. ##35-36; Schumacher, 02 CV 1875 (AHN), Dkts. ##27-28; Bakutis, 3:02 CV 1877 (MRK), Dkts. ##33-34; Kane, 3:02 CV 1878 (CFD), Dkts. ##28-29; Koval, 3:02 CV 1879 (GLG), Dkts. ##27-28; Loverme, 3:02 CV 1880 (PCD), Dkts. ##31-32; Strand, 3:02 CV 1883 (AWT), Dkts. ##28-29; Caffrey, 3:02 CV 1884 (CFD), Dkts. ##30-31; Bettini, 3:02 CV 2030 (RNC), Dkts. ##30-31; Ciuzio, 3:02 CV 2032 (JBA), Dkts. ##38-39; Fanning, 3:02 CV 2034 (SRU), Dkts. ##28-29; Farley, 3:02 CV 2035 (WWE), Dkts. ##27-28; Farruggio, 3:02 CV 2036 (CFD), Dkts. ##31-32; Gibbs, 3:02 CV 2037 (WWE), Dkts. ##28-29; Infantino, 3:02 CV 2038 (GLG), Dkts. ##27-28; Sartori, 3:02 CV 2039 (PCD), Dkts. ##32-33; Tramaglini, 3:02 CV 2040 (SRU), Dkts. ##28-29; Walz, 3:02 CV 2041 (DJS), Dkts. ##33-34.

On December 22, 2003, the Conrail Defendants filed ten four-page briefs in opposition.[5] Schumacher, 3:02 CV 1875 (AHN), Dkt. #32; Bettini, 3:02 CV 2030 (RNC), Dkt. #37; Ciuzio, 3:02 CV 2032 (JBA), Dkt. #45; Fanning, 3:02 CV 2034 (SRU), Dkt. #33; Farley, 3:02 CV 2035 (WWE), Dkt. #32; Farruggio, 3:02 CV 2036 (CFD), Dkt. #36;[6]

---

[5]These abbreviated memoranda will be referred to collectively as "the Schumacher Briefs." These cases include Schumacher, 3:02 CV 1875 (AHN), which is in the second batch, and nine of the remaining eleven cases in the third batch. See note 3 supra.

[6]This brief was refiled on January 5, 2004. (Dkt. #38).

Gibbs, 3:02 CV 2037 (WWE), Dkt. #35; Infantino, 3:02 CV 2038 (GLG), Dkt. #34; Sartori, 3:02 CV 2039 (PCD), Dkt. #37; Walz, 3:02 CV 2041 (DJS), Dkt. #40.

On January 5, 2004, the Conrail Defendants filed thirty-six page briefs[7] in the following twenty files: Compo, 3:02 CV 1675 (PCD), Dkt. #39; Laskevitch, 3:02 CV 1676 (GLG), Dkt. #36; Selmont, 3:02 CV 1677 (GLG), Dkt. #38; Fuda, 3:02 CV 1678 (RNC), Dkt. #40; Geary, 3:02 CV 1679 (WWE), Dkt. #40; Kiniry, 3:02 CV 1680 (JBA), Dkt. #51; Raggi, 3:02 CV 1681 (GLG), Dkt. #40; Russo, 3:02 CV 1682 (JCH), Dkt. #40; Scofield, 3:02 CV 1683 (JCH), Dkts. ##44-45;[8] Sullivan, 3:02 CV 1684 (JCH), Dkt. #40; Sweeney, 3:02 CV 1872 (RNC), Dkt. #41; Black, 3:02 CV 1873 (AVC), Dkt. #38; Kautz, 3:02 CV 1874 (JBA), Dkt. #44; Bakutis, 3:02 CV 1877 (MRK), Dkt. #40; Kane, 3:02 CV 1878 (CFD), Dkt. #35; Koval, 3:02 CV 1879 (GLG), Dkt. #36; Loverme, 3:02 CV 1880 (PCD), Dkt. #40; Caffrey, 3:02 CV 1884 (CFD), Dkt. #37.

On January 14, 2004, Plaintiff filed a reply brief in the following nineteen cases.[9]

---

[7]These longer briefs will be referred to collectively as "the Compo Briefs." These cases are all in the first and second batches. See note 3 supra.

The following four exhibits were attached: copy of Plaintiffs' First Set of Interrogatories to be Answered by Defendants Consolidated Rail Corporation and American Financial Group, Inc., dated January 29, 2003 (Exh. A); copy of Defendant Conrail's Answers, dated May 9, 2003 (Exh. B); copy of Plaintiffs' First Set of Request[s] for Documents to be Answered by Defendants Consolidated Rail Corporation and American Financial Group, Inc., dated January 29, 2003 (Exh. C); and copy of Defendant Conrail's Responses, dated May 9, 2003 (Exh. D).

[8]These motions were erroneously docketed twice, because counsel included the Strand caption with Scofield's docket number.

[9]The following three exhibits were attached: copies of letters from Dr. J. Cameron Kirchner, dated June 20 and May 13, 2003 (App. A); copy of Defendant Conrail's response to Request to Admit No. 8 (App. B); and copy of Conrail Memorandum, dated May 19, 1988 (App. C).

Compo, 3:02 CV 1675 (PCD), Dkts. ##40-41;[10] Laskevitch, 3:02 CV 1676 (GLG), Dkt. #37; Selmont, 3:02 CV 1677 (GLG), Dkt. #39; Fuda, 3:02 CV 1678 (RNC), Dkt. #41; Geary, 3:02 CV 1679 (WWE), Dkt. #41; Kiniry, 3:02 CV 1680 (JBA), Dkt. #52; Raggi, 3:02 CV 1681 (GLG), Dkt. #41; Russo, 3:02 CV 1682 (JCH), Dkt. #41; Scofield, 3:02 CV 1683 (JCH), Dkt. #46; Sullivan, 3:02 CV 1684 (JCH), Dkt. #41; Sweeney, 3:02 CV 1872 (RNC), Dkt. #42; Black, 3:02 CV 1873 (AVC), Dkt. #39; Kautz, 3:02 CV 1874 (JBA), Dkt. #45; Bakutis, 3:02 CV 1877 (MRK), Dkt. #41; Kane, 3:02 CV 1878 (CFD), Dkt. #36; Koval, 3:02 CV 1879 (GLG), Dkt. #37; Loverme, 3:02 CV 1880 (PCD), Dkt. #41; Strand, 3:02 CV 1883 (AWT), Dkt. #35; Caffrey, 3:02 CV 1884 (CFD), Dkt. #38.[11]

In this motion, Plaintiffs move to compel the Conrail Defendants to respond to twenty-seven discovery requests – Interrogatories Nos. 3, 4, 5, 6, 8 and 9, and Requests for Production Nos. 4, 5, 7, 9, 10, 13, 14, 15, 20, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 and 35 – and they seek to compel these Defendants to produce a privilege log. Plaintiffs have attached as App. A a copy of these Defendants' responses in Fuda, 3:02 CV 1678 (RNC) and indicated that "[t]he Conrail Defendants' responses . . . appear to the be same for all the hearing loss cases." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 2).

However, in the Schumacher briefs, the Conrail Defendants represent that with respect to the eleven cases of Schumacher, 02 CV 1875 (AHN); Bettini, 3:02 CV 2030 (RNC); Ciuzio, 3:02 CV 2032 (JBA); Fanning, 3:02 CV 2034 (SRU); Farley, 3:02 CV 2035 (WWE); Farruggio, 3:02 CV 2036 (CFD); Gibbs, 3:02 CV 2037 (WWE); Infantino, 3:02 CV 2038 (GLG); Sartori, 3:02 CV 2039 (PCD); Tramaglini, 3:02 CV 2040 (SRU); and

[10] The brief was filed twice in Compo.

[11] Plaintiffs also filed this brief in Schumacher, 3:02 CV 1875 (AHN), Dkt. #39.

Walz, 3:02 CV 2041 (DJS), the parties had agreed that the Conrail Defendants will respond by January 30, 2004. (Schumacher, 3:02 CV 1875 (AHN), Dkt. #32, at 2-3 & nn.1-2).[12] In their reply brief, Plaintiffs have withdrawn their Motion with respect to these eleven cases. (Compo, 3:02 CV 1675 (PCD), Dkt. #40, at 1-2; see also Dkt. #41, at 7-8).

In the twenty Compo briefs, the Conrail Defendants emphasize that none of the Plaintiffs have worked for either of these defendants for more than twenty years, so that it is very expensive and time-consuming, if not "impossible," for the Conrail Defendants to locate responsive documents. (Compo, 3:02 CV 1675 (PCD), Dkt. #39, at 5-6).[13]

The Court will address these discovery responses in an order which differs from that of the parties.

**Interrogatory No. 3** – "Detail any steps taken by the [Conrail Defendants] to protect the Plaintiff from exposure to noise while employed by the Conrail Defendants and when such steps were implemented." On June 5, 2003, the Conrail Defendants' answer to this question covered more than four pages.[14] Plaintiffs complain that the Defendants nonetheless failed to identify the dates when it took any of these steps, whereas the Conrail Defendants contend that they have given dates. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 12-13 & App. A; Dkt. #39, at 30-33 & Exhs. A-B). While defendants have provided the dates for certain of their programs, no dates were given for

---

[12]The Magistrate Judge assumes that footnote erroneously states January 30, 200**3**, instead of January 30, 200**4**.

[13]The remainder of the parties' generic arguments concern causation, which clearly is not at issue yet. (Compo, 3:02 CV 1675 (PCD), Dkt. #39, at 5-6; Dkts. #40-41).

[14]Defendants' Compo briefs have attached a copy of the Conrail Defendants' Answers, dated May 9, 2003 (Compo, 3:02 CV 1675 (PCD), Dkt. #39, Exh. B), whereas Plaintiffs' briefs have attached a copy of the Conrail Defendants' Answers, dated June 5, 2003. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, App. A). Reference will be made solely to the June 5th Answers.

others. Therefore, **on or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response for those programs for which no dates were given.

**Interrogatory No. 4** – "For any tests performed by, under the control of, or at the request of the Conrail Defendants to measure the noise levels at the job site or in the facilities in which Plaintiff worked or any part thereof, please state: (a) the date of such test or tests; (b) the person or organization administering such tests; (c) the results of such tests." On June 5, 2003, defendants answered that defendants monitored noise levels to the extent required by 49 C.F.R. § 229.121 and 29 C.F.R. § 1901.95, without admitting the applicability of these regulations to these cases. In their brief, the Conrail Defendants assert that they sought an additional thirty days to "supplement this Answer to the extent possible," but had not received a response from Plaintiffs' counsel. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 13 & App. A; Dkt. #39, at 33-34 & n.7(emphasis in original) & Exhs. A-B). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, which addresses the job sites at which these Plaintiffs were employed during the time they were employed.

**Interrogatory No. 5** – "Describe steps taken by the Conrail Defendants, if any, to abate or reduce noise levels in [their] facilities or on the job sites in which Plaintiff worked." On June 5, 2003, Defendants referred Plaintiffs to their answer to Interrogatory No. 3, and further indicated that "[a]s discovery is ongoing, the defendants reserve the right to amend/supplement this Answer prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 13 & App. A; Dkt. #39, at 34-35 & Exhs. A-B). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental

response, if there is any information additional to their response to Interrogatory No. 3.

**Interrogatory No. 6** – "Was any education program ever undertaken by the Conrail defendants to inform the Plaintiff of company-approved methods to avoid injury from noise? If so, please identify the date it commenced and the individuals who were in charge of any such educational programs." As with Interrogatory No. 5, on June 5, 2003, Defendants referred Plaintiffs to their answer to Interrogatory No. 3, and further indicated that "[a]s discovery is ongoing, the defendants reserve the right to amend/supplement this Answer prior to trial." Plaintiffs complain that Defendants did not provide the date any such program was implemented or the names of the individuals in charge. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 11 & App. A; Dkt. #39, at 27-28 & Exhs. A-B). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, if there is any information additional to their response to Interrogatory No. 3.

**Interrogatory No. 8** – "Please identify all tangible information from the Federal Railroad Administration concerning railroad noise, sound testing, surveys, etc." On June 5, 2003, Defendants objected on a number of grounds, including that information from the FRA was equally accessible to Plaintiffs; they further indicated that "[a]s discovery is ongoing, the defendants reserve the right to amend/supplement this Answer prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 12 & App. A; Dkt. #39, at 29-30 & Exhs. A-B). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, indicating any communication it received from the FRA in their possession during the time of the Plaintiffs' employment concerning railroad noise, sound testing, surveys, etc.

**Interrogatory No. 9** – "Identify all rules, regulations or guidelines pertaining to the

use of hearing protection." On June 5, 2003, Defendants referred Plaintiffs to their answer to Interrogatory No. 7. Plaintiffs have agreed to limit the scope of this interrogatory to Plaintiffs, their crafts, and their work locations. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 12 & App. A; Dkt. #39, at 28-29 & Exhs. A-B). Therefore, **on or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, if there is any information additional to their response to Interrogatory No. 7.

**Request for Production No. 4** – "All documents reflecting or pertaining to the testing of noise levels at any location where Plaintiff worked for Defendant [Conrail] and Penn Central." On June 5, 2003, Defendants objected to this request on several grounds, incorporated their objection to Interrogatory No. 4,[15] and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial."[16] Plaintiffs argue that they "are entitled to all the information the Conrail Defendants possess about noise levels at [their] work sites and around [their] equipment," whereas Defendants assert that at best, the information should be limited to the sites at which Plaintiffs worked during the times that Plaintiffs worked. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 4-5 & App. A; Dkt. #39, at 6-9 & Exhs. C-D). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, limited to the sites at which Plaintiffs worked during the times

---

[15] The response erroneously refers to Production Request No. 4, instead of Interrogatory No. 4.

[16] Just as in note 14 supra, Defendants' Compo briefs have attached a copy of the Conrail Defendants' Answers, dated May 9, 2003 (Compo, 3:02 CV 1675 (PCD), Dkt. #39, Exh. D), whereas Plaintiffs' briefs have attached a copy of the Conrail Defendants' Answers, dated June 5, 2003. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, App. A). Reference will be made solely to the June 5th Answers.

that Plaintiffs worked.

**Request for Production No. 5** – "All documents published by Defendant [Conrail] or Penn Central or any organization or other group with which Defendant is or has been affiliated referring to noise exposure to railroad workers." On June 5, 2003, Defendants objected to this request on several grounds, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." Plaintiffs have agreed to limit this request to the years 1968 through 1984, but the Conrail Defendants contend the request is still too broad. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 5-6 & App. A; Dkt. #39, at 10-11 & Exhs. C-D). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, limited to the sites at which Plaintiffs worked during the times that Plaintiffs worked, and further limited to all documents either published by the Conrail Defendants or published by the American Association of Railroads within the Defendants' possession.

**Request for Production No. 7** – "All documentation prepared by OSHA or any other federal or state agency or public or private entity relating to noise levels at Defendant [Conrail] and Penn Central's place of business." On June 5, 2003, Defendants objected to this request on several grounds, incorporated their response to Request No. 4, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 4-5 & App. A; Dkt. #39, at 9-10 & Exhs. C-D). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, limited to the sites at which Plaintiffs worked during the times that Plaintiffs worked, and further limited to all documents prepared by OSHA within the

Defendants' possession.

**Request for Production No. 9** – "All documents relating to the availability of ear protectors furnished by Defendant [Conrail] and Penn Central to Plaintiff." On June 5, 2003, Defendants objected to this request on several grounds, including that they cannot retrieve this information, incorporated their response to Interrogatory No. 7, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 6-7 & App. A; Dkt. #39, at 11-12 & Exhs. C-D). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response.

**Request for Production No. 10** – "All photographs of ear protection devices used or made available to Plaintiff by Defendant [Conrail] or Penn Central." On June 5, 2003, Defendants objected to this request on several grounds, including that they cannot retrieve this information, incorporated their response to Request No. 9, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 6-7 & App. A; Dkt. #39, at 12-13 & Exhs. C-D). As with Request No. 9, **on or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response.

**Request for Production No. 13** – "All written or recorded statements or memoranda of conversations by Plaintiff." On June 5, 2003, Defendants objected to this request on the grounds that it was overly broad, represented that it was not aware of any written or recorded statements or memoranda of conversations by Plaintiffs, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to amend this Response prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 7 & App.

A; Dkt. #39, at 13-14 & Exhs. C-D). **On or before February 17, 2004**, the Conrail Defendants are to serve a supplemental response, **only if** they locate any such statements or memoranda.

**Request for Production No. 14** – "All documents reflecting or pertaining to Defendant [Conrail's] and Penn Central's knowledge of alleged problems posed by noise exposure." On June 5, 2003, Defendants objected to this request on several grounds, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 7 & App. A; Dkt. #39, at 14 & Exhs. C-D). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, limited to the sites at which Plaintiffs worked during the times that Plaintiffs worked.

**Request for Production No. 15** – "All documents reflecting or pertaining to Plaintiff's knowledge of alleged problems posed by noise exposure." On June 5, 2003, Defendants objected to this request on several grounds, incorporated their response to Interrogatory No. 3, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 7 & App. A; Dkt. #39, at 15 & Exhs. C-D). As with Interrogatory No. 3, **on or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, if there is any information additional to their response to Interrogatory No. 3.

**Request for Production No. 20** – "Any and all models, diagrams, schematics or charts which depict the layout or physical arrangement of your railroad shops in which the Plaintiff worked." On June 5, 2003, Defendants objected to this request on several grounds, including work product privilege, and further indicated that "[a]s discovery is

ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 7-8 & App. A; Dkt. #39, at 15-16 & Exhs. C-D). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, of any models, etc., limited to the sites at which Plaintiffs worked during the times that Plaintiffs worked and created during that time period.

**Request for Production No. 22** – "Any photographs, copies of photographs, or any periodicals containing photographs which show the inside of your railroad shops in which the Plaintiff worked between the time period of 1976 to the present." On June 5, 2003, Defendants objected to this request on several grounds, incorporated by reference their objection to Request No. 20, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 7-8 & App. A; Dkt. #39, at 16-17 & Exhs. C-D). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, limited to the railroad shops at which Plaintiffs worked and created during the time period in which Plaintiffs worked.

**Request for Production No. 24** – "Produce any safety book or rulebook issue[d] to employees of Defendant [Conrail] and Penn Central at [their] facilities, if any, which contain instructions on the appropriate methods of performing their jobs: (a) to avoid creating excessive noise; (b) to protect the employee from adverse effects of such noise; (c) provides that violation of such rules would be a cause for some penalty against the offending employee." On June 5, 2003, Defendants objected to this request on several grounds, incorporated by reference their objection to Interrogatory No. 3, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to

supplement this Response prior to trial." Plaintiffs later agreed to limit this request to the years 1968 through 1984. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 8 & App. A; Dkt. #39, at 17-18 & Exhs. C-D). As with Interrogatory No. 3, **on or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, if there are any safety books or rulebooks limited to the railroad facilities at which Plaintiffs worked during the times that Plaintiffs worked and created during that time period, from 1968 through 1984.

**Request for Production No. 25** – "Any communications, instructions, directions or orders to any supervisory personnel that refers, reports, or relates to hearing loss or noise protection." On June 5, 2003, Defendants objected to this request on several grounds, incorporated by reference their objection to Interrogatory No. 25, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." As with Request No, 24, Plaintiffs later agreed to limit the time frame of this request from 1968 through 1984. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 8 & App. A; Dkt. #39, at 18-19 & Exhs. C-D). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, limited to the railroad facilities at which Plaintiffs worked during the times that Plaintiffs worked and created during that time period, from 1968 through 1984.

**Request for Production No. 26** – "Produce any and all copies and samples of hearing protection provided to Plaintiff. Please include any and all purchase orders, bills and any documentation indicating when said equipment was first purchased and available to defendant [Conrail] and to Penn Central." On June 5, 2003, Defendants objected to this request on several grounds, incorporated by reference their objection to

Interrogatory No. 7, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." As with Requests Nos. 24-25, Plaintiffs agreed to limit the time frame of this request from 1968 through 1984. Defendants contend that their record-keeping policies do not include maintaining the type of information in this request, especially since more than twenty years has elapsed since the Plaintiffs were employed by these defendants. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 9 & App. A; Dkt. #39, at 12 n. 5 ,19 & Exhs. C-D). **On or before February 17, 2004**, to the extent they locate any responsive documents, the Conrail Defendants are to serve a supplemental response, limited to the facilities at which Plaintiffs worked during the times that Plaintiffs worked.

**Request for Production No. 27** – "With regard to defendant [Conrail's] and Penn Central's hearing testing program, please provide any and all documentation concerning any statistics or figures on average hearing loss, total hearing loss or any statistics compiled with regard to the hearing testing program conducted by the Defendant [Conrail] and Penn Central." On June 5, 2003, Defendants responded that they are not in possession, custody or control of any documents which are responsive to this request, and further indicated "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 9 & App. A; Dkt. #39, at 20 & Exhs. C-D). As with Request No. 26, **on or before February 17, 2004**, to the extent they located any responsive documents, the Conrail Defendants are to serve a supplemental response, limited to the facilities at which Plaintiffs worked during the times that Plaintiffs worked and created during that time period.

**Request for Production No. 28** – "Produce a copy of any and all

correspondence, memoranda, or tangible evidence in whatever form concerning any safety meeting, safety minutes, safety booklets, safety information or any tangible evidence concerning any written safety materials utilized at said safety meetings." On June 5, 2003, Defendants objected to this request on several grounds, incorporated by reference their objections to Interrogatories Nos. 3 & 7, and further indicated that “[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.” Plaintiffs later agreed to limit the time frame of this request from 1968 through 1984 and to limit the scope of the materials sought to only such documents insofar as they concern noise, hearing loss and hearing protection. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 9 & App. A; Dkt. #39, at 21-22 & Exhs. C-D). As with Interrogatory No. 3, **on or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, limited to noise, hearing loss and hearing protection, and further limited to the facilities at which Plaintiffs worked during the times that Plaintiffs worked, from 1968 through 1984.

**Request for Production No. 29** – "Produce a copy of any and all tests, reports, examinations, studies, surveys or results in whatever tangible form concerning any and all inspections concerning noise levels." On June 5, 2003, Defendants objected to this request on several grounds, incorporated by reference their objection to Interrogatory No. 4, and further indicated that “[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.” Plaintiff similarly agreed to limit the time period of this request to 1968 through 1984 and to the type and kind of work in which the Plaintiffs engaged. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 9-10 & App. A; Dkt. #39, at 22-23 & Exhs. C-D). As with Interrogatory No, 4, **on or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental

response, limited to the facilities at which Plaintiffs worked during the times that Plaintiffs worked, from 1968 through 1984.

**Request for Production No. 30** – "Produce a copy of any and all personnel or employee records pertaining to the Plaintiff and kept in the possession of the Defendant [Conrail] or the Penn Central." On June 5, 2003, Defendants incorporated by reference their objection to Request No. 1, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." Defendants' response to Request No. 1 indicates that the Plaintiff's personnel records were produced. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 10 & App. A; Dkt. #39, at 23-24 & Exhs. C-D). **On or before February 17, 2004**, to the extent there are any responsive documents other than those previously produced in connection with Request No, 1, the Conrail Defendants are to serve a supplemental response.

**Request for Production No. 31** – "Any studies commissioned by the Association of American Railroads (through a technical research organization in Canada) for the purpose of determining human [health] hazards inside locomotive cabs." On June 5, 2003, Defendants objected to this request on several grounds, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 10 & App. A; Dkt. #39, at 24-25 & Exhs. C-D). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, limited to any AAR studies within their possession, created and obtained during the times that Plaintiffs worked for Defendants, and if and only if any of the Plaintiffs worked inside locomotive cabs.

**Request for Production No. 32** – "Any 'Lawshe Reports' (which were

commissioned by the Association of American Railroads) which implicate certain known and understood work hazards specifically associated with the Plaintiff's jobs." On June 5, 2003, Defendants objected to this request on several grounds, and further indicated that "[a]s discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial." Plaintiffs later agreed to clarify this request to "risks from exposure to noise." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 10-11 & App. A; Dkt. #39, at 25-26 & Exhs. C-D). As with Request No. 31, **on or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, limited to any "Lawshe Reports" commissioned by AAR within their possession, created and obtained during the times that Plaintiffs worked for Defendants.

**Request for Production No. 33** – "All documents from the medical and surgical section of the Association of American Railroads relating in any way to noise-induced hearing loss." On June 5, 2003, Defendants objected to this request on several grounds, averred that "Conrail does not keep record[s], in the normal course of its business, that reflect which annual [AAR] meetings were actually attended by Conrail or the topics discussed," and further indicated that "[a]s discovery is ongoing, Conrail reserves the right to supplement this Response prior to trial." (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 11 & App. A; Dkt. #39, at 26-27 & Exhs. C-D). **On or before February 17, 2004**, to the extent they can do so, the Conrail Defendants are to serve a supplemental response, if they locate within their files any of these AAR documents, created and obtained by Defendants during the times that Plaintiffs worked for them.

**Request for Production No. 35** – "Any notice to the Plaintiff that he has an impairment to his hearing." On June 5, 2003, Defendants incorporated by reference their objection to Request No. 2, and further indicated that "[a]s discovery is ongoing, Conrail

and Penn Central reserve the right to supplement this Response prior to trial." Defendants' response to Request No. 2 represents that to the extent such information is available to Conrail, it would be contained within Plaintiffs' medical records, which were produced. (Compo, 3:02 CV 1675 (PCD), Dkt. #33, at 11 & App. A; Dkt. #39, at 27 & Exhs. C-D). **On or before February 17, 2004**, to the extent there are any documents in addition to those previously produced in connection with Request No. 2, the Conrail Defendants are to serve a supplemental response.

Accordingly, for the reasons stated above, plaintiffs' Motions to Compel the Conrail Defendants are denied without prejudice to renew at a later time with respect to Schumacher, 02 CV 1875 (AHN), Dkt. #27; Bettini, 3:02 CV 2030 (RNC), Dkt. #30; Ciuzio, 3:02 CV 2032 (JBA), Dkt. #38; Fanning, 3:02 CV 2034 (SRU), Dkt. #28; Farley, 3:02 CV 2035 (WWE), Dkt. #27; Farruggio, 3:02 CV 2036 (CFD), Dkt. #31; Gibbs, 3:02 CV 2037 (WWE), Dkt. #28; Infantino, 3:02 CV 2038 (GLG), Dkt. #27; Sartori, 3:02 CV 2039 (PCD), Dkt. #32; Tramaglini, 3:02 CV 2040 (SRU), Dkt. #28; Walz, 3:02 CV 2041 (DJS), Dkt. #33.

For the reasons stated above, plaintiffs' Motion to Compel The Conrail Defendants are granted in part with respect to Compo, 3:02 CV 1675 (PCD), Dkt. #32; Laskevitch, 3:02 CV 1676 (GLG), Dkt. #29; Selmont, 3:02 CV 1677 (GLG), Dkt. #31; Fuda, 3:02 CV 1678 (RNC), Dkt. #33; Geary, 3:02 CV 1679 (WWE), Dkt. #33; Kiniry, 3:02 CV 1680 (JBA), Dkt. #42; Raggi, 3:02 CV 1681 (GLG), Dkt. #33; Russo, 3:02 CV 1682 (JCH), Dkt. #33; Scofield, 3:02 CV 1683 (JCH), Dkt. #34; Sullivan, 3:02 CV 1684 (JCH), Dkt. #33; Sweeney, 3:02 CV 1872 (RNC), Dkt. #34; Black, 3:02 CV 1873 (AVC), Dkt. #31; Kautz, 3:02 CV 1874 (JBA), Dkt. #35; Bakutis, 3:02 CV 1877 (MRK), Dkt. #33; Kane, 3:02 CV 1878 (CFD), Dkt. #28; Koval, 3:02 CV 1879 (GLG), Dkt. #27; Loverme,

3:02 CV 1880 (PCD), Dkt. #31; Strand, 3:02 CV 1883 (AWT), Dkt. #28; Caffrey, 3:02 CV 1884 (CFD), Dkt. #30.[17]

On January 8, 2004, Plaintiffs filed a Motion for Protective Order, to postpone the deposition of Plaintiff Schumacher until the Court issued rulings on the two pending Motions to Compel between Plaintiffs and the Conrail Defendants. (Schumacher, 3:02 CV 1875 (AHN), Dkts. ##34-35). An impromptu telephonic discovery conference was held before this Magistrate Judge on January 8, 2004, during which she granted Plaintiff Schumacher's Motion. (Schumacher, 3:02 CV 1875 (AHN), Dkts. ##37-38). The five remaining depositions, including that of Plaintiff Schumacher, shall be completed **on or before March 8, 2004**.

______This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

______See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the Dis2rict of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

---

[17] As the Magistrate Judge noted in her Rulings on the Conrail Defendants' Motions to Compel, filed January 15, 2004: "These motions all concerned matters which should, and could, easily have been resolved by counsel. They were not worth the effort and expense that defense counsel, Plaintiffs' counsel, and the Court put into them." Compo, 3:02 CV 1675 (PCD), Dkt. #42, at 24 n.9.

Dated at New Haven, Connecticut, this 23rd day of January, 2004.

_________/s/_______________
Joan Glazer Margolis
United States Magistrate Judge